NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD POULSON; DULCISIMA SINUBAD POULSON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BANK OF AMERICA, N.A., As Successor by Merger to LaSalle Bank NAAS Trustee for Certificate Holders of Bear Sterns Asset Backed Securties 1 LLC, Asset-Backed Certificates Series 2007-HE3, <br><br> Defendant-Appellee. | No. 15-55389 <br><br> D.C. No. 5:14-cv-01534-FMO-JPR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Ronald Poulson and Dulcisima Sinubad Poulson appeal pro se from the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's judgment dismissing their diversity action alleging claims arising from the foreclosure of their home. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of res judicata. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005). We affirm.

The district court properly dismissed the Poulsons' action as barred by the doctrine of res judicata because their claims were raised, or could have been raised, in a prior state court action which resulted in a final judgment. *See MHC Financing Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1125 (9th Cir. 2013) (setting forth elements of res judicata under California law); *Manufactured Home Cmtys. Inc.*, 420 F.3d at 1031-32 (discussing the primary rights theory of res judicata under California law); *see also Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) ("If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in sua sponte setting aside the Clerk's entry of default. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir.

1994) (setting forth standard of review and noting "[t]he court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment").

We reject as unsupported by the record the Poulsons' contentions that the district court judge violated the Judicial Code of Ethics and the Poulsons' right to due process.

The Poulsons' pending requests are denied as unnecessary.

**AFFIRMED.**